Mr. Chief Justice Shepard
dissenting:
I cannot concur in thé reversal of the judgment in this case, for reasons which I will briefly state.
The indictment contained thirty-four counts, four of which were withdrawn before the trial began; of the remaining thirty, the prosecution elected to submit eighteen to the jury. Defendant was found guilty on two. Assignments of error relate to the manner in which the jury was impaneled; to the point that the association was a partnership and defendant could not be guilty of embezzling the common fund; and to the particular charge that has been held to constitute a reversible error.
I think there was no error in the formation of the jury, but a discussion of the question becomes unimportant, as it can hardly recur in the new trial that has been ordered. The question of the liability of the defendant for the embezzlement of funds intrusted to him as an officer of the association or partnership is settled adversely to his contention by a former decision (Rhode v. United States, 34 App. D. C. 249). The charge objected to informed the jury, as it was proper to do under the circumstances, that the matter of awarding the punishment, in the event of a verdict of guilty, was the province of the court alone. Grant that it would have been better to make this simple statement, without saying anything more, yet it seems clear to my mind that the additional remarks did not amount to an error for which the judgment should be reversed. All that it amounted to was that the statute did not require a defendant convicted of embezzlement to be sent to the penitentiary, but committed a wide discretion to the court in the matter of punishment. And the exercise of this discretion, it was said, would depend on the circumstances as they may be shown to the court in addition to those shown to the jury. Undoubtedlj the sentence is often influenced by conditions known to the-judge. If one convicted is known to be an abandoned criminal,, his sentence may be more severe; if, on the other hand, there be-circumstances that would induce leniency, these may cause a moderation of the sentence. Upon this theory it is that judges- *148 have exercised discretion in the matter of the suspension of sentence.
The language used was not intended or calculated to, and, in my judgment, could not reasonably, have exercised any improper influence upon the jury. I do not subscribe to the doctrine of some of the cases relied on; others present a very different state of facts.
Believing that the jury could not have been influenced to Tender the verdict, by the languag of the court, I am of the opinion that the judgment ought to be affirmed.